

**U.S. Department of Justice**
950 Pennsylvania Avenue NW
Washington, DC 20530

Tel: (202) 880-6114

July 1, 2026

VIA CM/ECF

Hon. Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

RE:       *Renshaw v. United States General Services Administration*, No. 26-4023

Dear Ms. Dwyer:

Pursuant to Fed. R. App. P. 28(j), we write to inform the Court that, at 12:33 p.m. PDT today, the district court denied the government's request for a stay of the preliminary injunction pending appeal. A copy of the order is attached as an addendum to this letter. The government therefore reiterates its request that the Court issue an immediate administrative stay no later than 5:00 p.m. PDT today.

Sincerely,

BRETT A. SHUMATE
  *Assistant Attorney General*
ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*
SCOTT E. BRADFORD
  *United States Attorney*
MARK R. FREEMAN
STEVEN A. MYERS
 /s/ *Brenna H. Scully*
BRENNA H. SCULLY
Counsel for Appellant

cc:     All counsel by ECF

**ADDENDUM**

| | |
|---|---|
| **From:** | info@ord.uscourts.gov |
| **To:** | nobody@ord.uscourts.gov |
| **Subject:** | Activity in Case 6:26-cv-01127-MTK Renshaw et al v. General Services Administration Order on motion for stay |
| **Date:** | Wednesday, July 1, 2026 3:34:39 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### District of Oregon

## Notice of Electronic Filing

The following transaction was entered on 7/1/2026 at 12:33 PM PDT and filed on 7/1/2026
**Case Name:** Renshaw et al v. General Services Administration
**Case Number:** 6:26-cv-01127-MTK
**Filer:**
**Document Number:** 53(No document attached)

**Docket Text:**
**ORDER** by Judge Mustafa T. Kasubhai: Before the Court is Defendant GSA's Motion for Stay of Preliminary Injunction Order Pending Appeal (ECF No. [52]). A stay pending appeal "is not a matter of right, even if irreparable injury might otherwise result... It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 434 (2009). The factors to be applied by the Court in deciding whether to exercise its discretion are "1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (internal quotations and citation omitted). "The first two factors of the traditional standard are the most critical" and, on the first factor, "it is not enough that the chance of success on the merits be better than negligible." *Id.* Defendant fails to satisfy the Nken standard. Most critically, Defendant has made no showing, much less a strong one, that it is likely to succeed on the merits of its appeal. The Court articulated in its Opinion and Order on Plaintiffs' Motion for Preliminary Injunction (ECF No. [42]) why Plaintiffs had easily satisfied the Winter factors and were entitled to a preliminary injunction. Defendant's motion does not identify any specific error in the Court's conclusion and, moreover, appears to rely on arguments it never made before this Court and attempts to revoke its concession on the motion that the Perimeter Fence is a time, place, or manner restriction. Second, while the Court continues to

acknowledge Defendant's concerns about damage to property, Defendant has not shown any imminent or specific threat to the property should the fence be removed. Finally, the Court finds that the last two factors weigh heavily against a stay given the First Amendment freedoms at stake for Plaintiffs as well as the public. Defendant's Motion for a Stay is DENIED. (jk)

**6:26-cv-01127-MTK Notice has been electronically mailed to:**

Marianne G. Dugan     mdugan@cldc.org, mariannedugan@proton.me, mdugan.mdugan.com@recap.email, mpyle@cldc.org

Lauren C. Regan     lregan@cldc.org, mdugan@cldc.org

James Alexander Blum     james.blum@usdoj.gov, keith.ramsey@usdoj.gov

**6:26-cv-01127-MTK Notice will <u>not</u> be electronically mailed to:**